**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY GIBSON,** | **:** | |
| **Plaintiff** | **:** | **No. 1:13-cv-02273** |
| | **:** | |
| **v.** | **:** | **(Judge Kane)** |
| | **:** | |
| **FEDERAL RESERVE 13 BANKS,** | **:** | **(Magistrate Judge Schwab)** |
| **Defendant** | **:** | |

<u>**ORDER**</u>

Pending before the Court is Plaintiff's complaint, seeking an order that the United States

government take over the Federal Reserve Bank, and charge the Federal Reserve Bank with

robbery (Doc. No. 1); Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 2);

Magistrate Judge Schwab's Report and Recommendation (Doc. No. 5); and Plaintiff's objections

thereto (Doc. No. 6).  For the reasons that follow, the Court will adopt the Report and

Recommendation, grant Plaintiff's motion for <u>in</u> <u>forma</u> <u>pauperis</u> status, and dismiss Plaintiff's

complaint with prejudice.

## I.      BACKGROUND

On August 30, 2013, Plaintiff filed a complaint, alleging that the Federal Reserve Bank

had robbed twelve trillion dollars in gold currency from Fort Knox over the past forty years.

(Doc. No. 1.)  Plaintiff seeks repayment of the stolen gold bars, an order that would allow the

United States government to take control of the Federal Reserve Bank, and an order charging the

Federal Reserve Bank with robbery.  (<u>Id.</u>)  That same day, Plaintiff also filed a motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  (Doc. No. 2.)  On November 20, 2013, Magistrate Judge Schwab

issued a Report and Recommendation, wherein she recommended that the Court dismiss

Plaintiff's complaint on the grounds that it was frivolous and failed to state a claim upon which

relief may be granted.  (Doc. No. 5 at 7.)  Plaintiff timely filed objections.  The matter is now

ripe for disposition.[1]

## II.    STANDARD OF REVIEW

Plaintiff seeks leave to proceed in forma pauperis, and filed an affidavit of poverty in

support of his application.  (Doc. No. 2.)  The Court will grant his in forma pauperis motion for

the purposes of this action.  A plaintiff proceeding in forma pauperis is subject to Section

1915(e)(2), which provides that the Court "shall dismiss the case at any time if the court

determines that . . . the action or appeal is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i);

see Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.10 (3d Cir. 2002).  A complaint is

"frivolous where it lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S.

319, 325 (1989).  Determining whether a complaint should be dismissed on the grounds that it is

frivolous lies within the district court's discretion.  Denton v. Hernandez, 504 U.S. 25, 33

(1992).

Section 1915(e)(2)(B)(ii) also mandates that a court must dismiss an in forma pauperis

complaint if it fails to state a claim on which relief may be granted.  28 U.S.C. §

1915(e)(2)(B)(ii).  At this stage, the Court must accept as true all allegations in the complaint

and all reasonable inferences that can be drawn from the complaint are to be construed in the

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b),
provide that any party may file written objections to a magistrate's proposed finding and
recommendations.  In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also
Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject,
or modify, in whole or in part, the findings and recommendations contained in the report.  28
U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d

1250, 1261 (3d Cir. 1994).  In order for the plaintiff to state a cause of action, the Court must

find that the plaintiff's factual allegations "raise a right to relief above the speculative level."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When reviewing a complaint filed by a

pro se litigant, the Court must liberally construe the complaint and hold it to a less stringent

standard than a formal complaint drafted by a lawyer.  Erickson v. Pardus, 551 U.S. 89, 94

(2007) (citation omitted).

## III.    DISCUSSION

Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's complaint with

prejudice on the grounds that it is frivolous, and that it also fails to state a claim for relief.  (Doc.

No. 5 at 7.)  Plaintiff filed objections, in which he appears to simply restate the allegations in his

complaint; namely, that the Court should order an account of the gold bars in Fort Knox, and that

the United States should take over the Federal Reserve Bank.  (Doc. No. 6.)

Having reviewed Plaintiff's complaint and objections, the Court finds that Magistrate

Judge Schwab is correct in recommending that Plaintiff's complaint be dismissed with prejudice.

Plaintiff claims that Defendant is robbing the United States government of its gold bars, and

making United States citizens pay what amounts to a tax on those gold bars.  The Court finds

such a claim irrational, and lacking any arguable basis in fact or law.  See 28 U.S.C. §

1915(e)(2)(B)(i).  The Court further finds that Plaintiff's complaint fails to state a claim.  See id.

at (e)(2)(B)(ii).  Moreover, Plaintiff's request that the Court charge Defendant with robbery is

also without merit.  Authority to initiate a federal prosecution rests exclusively with federal

prosecutors.  Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D.Wis. 1986).  Because the Court

finds that amendment would be futile, <u>see</u> <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004), the Court will dismiss Plaintiff's complaint with prejudice.

**IV.    CONCLUSION**

The Court will adopt Magistrate Judge Schwab's Report and Recommendation, dismiss Plaintiff's complaint with prejudice, and grant his request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY GIBSON,** | : | |
| **Plaintiff** | : | **No. 1:13-cv-02273** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **FEDERAL RESERVE 13 BANKS,** | : | **(Magistrate Judge Schwab)** |
| **Defendant** | : | |

## ORDER

   **AND NOW,** on this 6TH day of February 2014, **IT IS HEREBY ORDERED THAT**

Magistrate Judge Schwab's Report and Recommendation (Doc. No 5) is **ADOPTED**.

   **IT IS FURTHER ORDERED THAT**:

1.    Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**;

2.    Plaintiff's motion to proceed in forma pauperis in this action (Doc. No. 2) is **GRANTED**; and,

3.    The Clerk of Court is directed to close the case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania